**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELLY BRYANT,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Civil Action No. 23-02534 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon the Application to Proceed *In Forma Pauperis* ("IFP") filed by Plaintiff Shelly Bryant together with Plaintiff's Complaint against Defendant Bank of America, N.A. (ECF Nos. 1 & 1-2.) For the reasons set forth below, and other good cause shown, Plaintiff's IFP application is **DENIED** without prejudice and the Complaint is **DISMISSED** without prejudice. Plaintiff is provided thirty days within which to file an amended complaint with a renewed IFP application.

**I. BACKGROUND**

  The following alleged facts are accepted as true solely for the purpose of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

  Plaintiff Shelly Bryant, a resident of Ewing, New Jersey, has brought suit "to stop [Bank of America from] reporting inaccurate information to all Consumer Reporting Agencies." (ECF No. 1 at 1.) Bryant alleges that Bank of America granted her a loan, and she "authorized all loan payments for the loan . . . to be automatically withdrawn [from] Plaintiff's checking account via ACH every month." (*Id.* at 3-4 ¶¶ 12-13.) Despite Bryant authorizing Bank of America to

automatically withdraw the loan payments from her checking account, Bryant claims that the bank did not withdraw the payments in "December 2022 and March 2023 on time and as scheduled." (*Id.* at 4 ¶¶ 14-15.) As a result, Bank of America reported those two loan payments as "late" to Consumer Reporting Agencies. (*Id.* ¶¶ 16-17.)

Bryant tried to resolve the dispute with Bank of America over the phone, but alleges that as of May 8, 2023, the "[i]naccurate information . . . remained on [her] Credit Reports." (*Id.* ¶¶ 18-19.) Bryant has filed complaints with the Consumer Financial Protection Bureau as well as the Federal Trade Commission. (*Id.* at 4-5 ¶¶ 22-23.)

Bryant alleges that Bank of America's actions have caused her "personal humiliation, embarrassment, mental anguish, emotional distress," and hurt her reputation. (*Id.* at 5 ¶ 24.) She asserts two counts for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The first count is for a violation of 15 U.S.C. § 1681s-2(a)(2), and the second count is for a violation of 15 U.S.C. § 1681s-2(a)(3). (*Id.* at 5-6 ¶¶ 27, 32.)

## II.   LEGAL STANDARD

### A. IFP APPLICATIONS

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

## B. REVIEW PURSUANT TO 28 U.S.C. § 1915(E)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. DISCUSSION

### A. BRYANT'S IFP APPLICATION

Based on a careful review of Bryant's IFP application, the Court denies it without prejudice due to certain inconsistencies identified therein. Notably, Bryant indicates that she receives approximately $4,200.00 per month in self-employment income and income from real property, but Plaintiff has left blank the sections related to whether she receives alimony and child support payments despite the form stating that a plaintiff should "not leave any blanks." (ECF No 1-2 at 1.) Bryant also writes on the second page that she has "0.00" in "Total monthly income" notwithstanding her representation that she receives income from self-employment and an investment property. (*Id.* at 1-2.) Similarly, Plaintiff writes that she has $2,500.00 in cash, but then represents that she has $3,500.00 in savings and checking accounts. (*Id.* at 2.) Finally, Plaintiff represents that she has monthly expenses of approximately $6,560.39, but also indicates that her "Total monthly expenses" equal "$0.00." (*Id.* at 4-5.) Based on these inconsistencies, the Court is unable to determine if Plaintiff qualifies for cost-free access to the federal courts. The Court also questions Plaintiff's indigency status based on her representation that she owns at least two properties, one of which appears to be an investment property. In any event, the Court will deny Bryant's IFP application and grant her an opportunity to submit a complete application without any blank entries and to address these inconsistencies.

### B. REVIEW OF BRYANT'S COMPLAINT

In Count One, Bryant alleges that Bank of America violated 15 U.S.C. § 1681s-2(a)(2), which "requires furnishers to correct any information they later discover to be inaccurate." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022). And in Count Two, Plaintiff alleges that the bank also violated 15 U.S.C. § 1681s-2(a)(3), which "imposes an explicit duty on furnishers

of credit information to report a dispute to all [Consumer Reporting Agencies] to whom it provides the information as part of a reasonable investigation." *Seamans v. Temple Univ.*, 744 F.3d 853, 866 (3d Cir. 2014).

These two claims must be dismissed because Section 1681s-2 of the FCRA does not enable an individual, such as Bryant, to bring a private cause of action to enforce those duties. Such claims are only available to state and federal officials. *See, e.g., Seamans*, 744 F.3d at 866 ("Private enforcement of that [Section 1681s-2(a)(3)] obligation, however, as with other duties arising under § 1681s-2(a), is not permitted."); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) ("These provisions, however, cannot be used by a private individual to assert a claim for a violation of § 1681s–2(a), as such claims are available only to the Government."); *Reich v. Fairleigh Dickinson Univ.*, Civ. No. 17-7608, 2018 WL 395748, at *2-3 (D.N.J. Jan. 11, 2018) ("FDU argues that the Section 1681s-2(a) claim should be dismissed because no private cause of action exists thereunder. It is well-settled law that FDU's argument on this issue is correct." (collecting cases)).

Nevertheless, because Plaintiff is proceeding *pro se*, the Court notes that the FCRA does allow individuals to bring private causes of action against "furnishers" of information to Consumer Reporting Agencies "under 15 U.S.C. § 1681s-2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed."[1]

---

[1] "To state a claim under Section 1681s-2(b), a plaintiff must allege that: (1) he sent notice of the disputed information to a credit reporting agency; (2) the agency then notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation and rectify the inaccurate information." *Sanchez v. Equifax Info. Servs., LLC*, Civ. No. 20-15306, 2021 WL 2134923, at *2 (D.N.J. May 25, 2021). "Specifically, 'a consumer must first alert the [CRA] that reported the allegedly erroneous information of a dispute. It is then up to the [CRA] to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty.'" *Horton v. Trans Union, LLC*, Civ. No. 12-2072, 2015 WL 1055776, at *7 (E.D. Pa. Mar. 10, 2015) (quoting *SimmsParris*, 652 F.3d at 359)).

5

*See Seamans*, 744 F.3d at 867; *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) ("15 U.S.C. § 1681s-2(b) [is] the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." (quoting *SimmsParris*, 652 F.3d at 358)). The Court will permit Plaintiff an opportunity to file an amended complaint to the extent Plaintiff can assert such a claim.

IV.     **CONCLUSION**

For the foregoing reasons, and other good cause shown, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice and her IFP Application (ECF No. 1-2) is **DENIED** without prejudice.  An appropriate Order follows.

Dated:  October 25, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**